IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

BERNADETTE G. LOGAN,            )
                                )
            Plaintiff,           )
                                )
v.                              )      Case No. 4:11-cv-00008
                                )
BODDIE-NOELL ENTERPRISES, INC., )      **MEMORANDUM OPINION**
                                )
and                             )      By:  Jackson L. Kiser
                                )           Senior United States District Judge
CINDY ROBINSON,                 )
                                )
            Defendants.          )

Before me are Plaintiff's Renewed Motion to Remand and Renewed Response to Motion to Dismiss ("Renewed Motion to Remand") and Defendants' Motion to Strike Plaintiff's Memorandum ("Motion to Strike"). The Court held a hearing on these motions on November 29, 2011, at which counsel for both Plaintiff and Defendants appeared and presented argument. After careful consideration, for the reasons set forth below, Defendant's Motion to Strike is **GRANTED,** Defendant Cindy Roberson (incorrectly named in the Complaint as "Cindy Robinson") is **DISMISSED** from this case, and Plaintiff's Renewed Motion to Remand is **DENIED**.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Bernadette G. Logan originally filed the present action against Defendants Boddie-Noell Enterprises, Inc. ("Boddie-Noell") and Cindy Roberson ("Roberson") (collectively, "Defendants") in the Circuit Court for the City of Danville. (Joint Notice of Removal, Ex. A [ ECF No. 1].) The Complaint alleges that on January 30, 2010, Plaintiff was an invitee at Hardees's Restaurant in Danville, Virginia, a business owned and operated by Boddie-

1

Noell.  (*Id.* ¶ 6–7.)  Roberson was serving as the restaurant's general manager on that date.  (*Id.* ¶ 5.)  The Complaint further alleges that on that date, Defendants allowed water to accumulate on the restaurant's dining room floor, thus failing to maintain the premises in a reasonably safe condition.  (*Id.* ¶ 10–12.)   Furthermore, Defendants failed to warn Plaintiff of the unsafe condition.  (*Id.* ¶ 12.)  As a result, Plaintiff slipped on the slick surface and sustained serious injuries.  (*Id.* ¶ 13.)  Plaintiff seeks judgment jointly and severally against Defendants in the amount of $150,000.00.

On February 16, 2011, Defendants filed a Joint Notice of Removal, removing the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that this Court may exercise diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  (Joint Notice of Removal ¶ 1 [ECF No. 1].)  The amount in controversy undisputedly exceeds $75,000.  The citizenship of the respective parties is also undisputed.  Plaintiff is a Virginia citizen, residing in Pittsylvania County.  (*Id.* ¶ 1, Ex. A, ¶ 1.)  Boddie-Noell is a North Carolina corporation with its principal place of business in Rocky Mount, North Carolina.  (*Id.*  ¶ 2.)  Roberson is a Virginia citizen.  (*Id.* ¶ 3.)  Complete diversity of citizenship required to exercise diversity jurisdiction is, therefore, absent.  Defendants assert, however, that Plaintiff fraudulently joined Defendant Roberson to defeat diversity jurisdiction.  (Def.'s Mot. to Dismiss ¶ 1 [ECF No. 7].)

On February 17, 2011, Roberson filed a Motion to Dismiss which, if granted, would eliminate the non-diverse party and cure the jurisdictional bar to this court.  (*Id.*)  In her Motion, she argues that Virginia law precludes holding her liable under the facts as alleged in the Complaint because an employee of the premises' owner or operator may be held liable only for affirmative acts, not omissions.  (*Id.* ¶ 3–4.)  She filed a Memorandum in Support of this Motion on February 24, 2011.  (Def.'s Mem. in Supp., pg. 1 [ECF No. 9].)  On March 9, 2011, Plaintiff

filed a Motion to Remand and Response to Motion to Dismiss in which she briefly contends that she properly pled a cause of action against Roberson. (*See* Pl.'s Mot. to Rem. ¶ 2 [ECF No. 12].) She argues, therefore, that the Court lacks jurisdiction and that the matter should be remanded. In support of this position, Plaintiff contends that Defendant Roberson "directed the efforts of the employees and agents of the restaurant to remove snow and ice accumulating in the parking lot;" moreover, she negligently performed this affirmative act by allowing water to accumulate on the floor and failing to place warning signs. (*Id.* ¶ 2.) The Court held a hearing on the Motion to Dismiss and the Motion to Remand on April 4, 2011, at which both parties appeared. [ECF No. 16.] I took the matter under advisement pending further discovery of the underlying facts in the case. (Order entered April 4, 2011 [ECF No. 17].)

On June 15, 2011, the parties took deposition testimony from both Plaintiff and Roberson. Subsequently, on August 25, 2011, Plaintiff filed a Renewed Motion to Remand and Renewed Response to Motion to Dismiss in which she argues that the facts adduced in discovery support her cause of action against Roberson. (Pl.'s Ren. Mot. to Rem., ¶ 2 [ECF No. 35].) Plaintiff argues that Roberson undertook the affirmative duty of clearing the restaurant entrance area of snow and ice and of overseeing the dining area. (*Id.*) Plaintiff appears to suggest that her undertaking and performance of these duties constituted an affirmative act rather than mere omissions. She contends that Roberson negligently performed these affirmative acts by allowing water to accumulate on the floor and failing to place warning signs. (*Id.*) Basically, Plaintiff argues that her conduct in overseeing restaurant operations amounted to affirmative acts for which she may be held liable. She requests that I remand this case to the Circuit Court for the City of Danville.

On September 7, 2011, Defendants filed their Memorandum in Response to Plaintiff's Renewed Motion to Remand/Renewed Response to Motion to Dismiss.  (Mem. in Resp. [ECF No. 36].)  Defendants argue that under the facts as adduced in Plaintiff's and Roberson's depositions, Plaintiff cannot state a cause of action against Roberson.  (*Id.*)  The Complaint alleges that Roberson was negligent in allowing water to accumulate on the floor and in failing to place warning signs. (*Id.*)  Defendants contend that such allegations recite mere omissions.  (*Id.*)  Moreover, Defendants argue that the deposition testimony reveals no evidence that Roberson either committed any affirmative act resulting in Plaintiff's injury or possessed actual or constructive knowledge of any danger.  (*Id.*)  Defendants conclude that the Court should dismiss Plaintiff's claims as to Roberson and deny Plaintiff's Renewed Motion to Remand.

On November 21, 2011, Plaintiff filed her Memorandum in Support of Plaintiff's Second Motion to Remand and Renewed Response to Defendant's Motion to Dismiss.  (Pl.'s Mem. in Supp. of Ren. Mot. to Rem. [ECF No. 39].)  Plaintiff argues that Roberson "herself removed snow from the sidewalk and laid down ice melt;" therefore, "she played an active role in opening the store, and preparing the premises for receipt of customers."  (*Id.* pg. 3–4.)  In addition, Roberson herself selected where to place warning cones.  (*Id.* pg. 6.)  Plaintiff contends that such conduct comprises affirmative acts and cites case law in support of this proposition.  (*Id.* pg. 7.)

On November 23, 2011, Defendants filed their Motion to Strike Plaintiff's Memorandum in which they argue that Plaintiff's Memorandum in Support of Plaintiff's Second Motion to Remand and Renewed Response to Defendant's Motion to Dismiss filed on November 21, is untimely.  (Def.'s Mot. to Strike, [ECF No. 40].)  Defendants argue that the Pretrial Order entered on February 16, 2011, provides that all motions must be accompanied by a supporting brief and that "a movant's reply brief must be filed within 7 days of the date of service of the

brief in opposition to the motion." (*Id.* ¶ 3.)  Defendants argue, therefore, that Plaintiff should have filed any brief in response to Defendants' Memorandum in Response to Plaintiff's Renewed Motion to Remand/Renewed Response to Motion to Dismiss no later than September 14, 2011.  (*Id.*)  Plaintiff, however, filed her Memorandum on November 21, 2011, more than two months late.  (*Id.* ¶ 4.)  Moreover, Plaintiff filed the Memorandum approximately one week prior to the scheduled hearing and several days prior to the Thanksgiving Holiday.  (*Id.*)  As such, Defendants are prejudiced by their inability to review the arguments and authorities and file a response.  (*Id.*)  Accordingly, Defendants ask that the Court strike Plaintiff's Memorandum pursuant to Rule 16(f).

## II.     STANDARD OF REVIEW

As a general rule, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2011).  Accordingly, a defendant generally may remove a case from state court to a United States district court if that case invokes diversity jurisdiction.  After removal, the district court must remand the case to state court if it determines at any time prior to final judgment that it lacks subject matter jurisdiction.  *Id.* § 1447(c).  "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants."  *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). Ordinarily, therefore, removal on the basis of diversity jurisdiction requires complete diversity of parties.  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  Under the "fraudulent joinder" doctrine, however, a district court may "disregard, for jurisdictional purposes, the citizenship of

certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (citations omitted). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original).

The removing party bears a heavy burden comparable to that on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* In this procedural posture, courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall*, 6 F.3d at 232. The United States District Court for the Eastern District of Virginia has formulated the applicable standard as whether there is a "'reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). "When analyzing fraudulent joinder, 'the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Id.* (quoting *AIDS Counseling & Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)).

## III.   DISCUSSION

Before addressing the issue of fraudulent joinder, I take up Defendants' Motion to Strike. Federal Rule of Civil Procedure 16(f) provides, in pertinent part, that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Rule

6

37(b)(2)(A)(iii), in turn, provides that "just orders" may include "striking pleadings in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii). On February 16, 2011, I entered a standard Pretrial Order providing that "[a]ll motions must be accompanied by a supporting brief." (Pretrial Order, ¶ 4 [ECF No. 5.]) The Pretrial Order further provides that "a movant's reply brief must be filed within 7 days of the date of service of the brief in opposition to the motion." (*Id.*) Plaintiff, however, failed to file her Memorandum in Support either contemporaneously with her Renewed Motion to Remand, or within seven days of Defendants' filing of their Renewed Motion to Dismiss on September 7, 2011. Indeed, Plaintiff did not file her Memorandum in Support until November 21, 2011, just prior to the Thanksgiving Holiday and the November 29 hearing. Therefore, regardless of whether Plaintiff's Memorandum in Support is construed as a brief in support or a reply brief, it is grossly untimely under the Pretrial Order. Moreover, at the November 29 hearing, Plaintiff's counsel pointed to no extenuating circumstances that would excuse such delay. Accordingly, Defendant's Motion to Strike is **GRANTED**.[1]

Having disposed of Defendants' Motion to Strike, I proceed to consider the issue of fraudulent joinder. The issue presented is whether Plaintiff can possibly recover from Roberson under Virginia premises liability law. If the Court finds no such possibility, it should dismiss Defendant Roberson and retain jurisdiction of the case. Under Virginia premises liability law, an employee of a premises' owner or operator can be held liable only for affirmative acts of negligence and not mere omissions. *See Saunders v. Boddie-Noell Enterprises, Inc.*, Case No. 7:08cv110, 2008 U.S. Dist. LEXIS 48715, at *5 (W.D. Va. June 25, 2008) (citing *Harris v.*

---

[1] As it is my job to apply the relevant law, not merely the law set forth in timely-submitted briefs, I nevertheless proceed to consider certain arguments and authorities raised in Plaintiff's Memorandum in Support below. Because the Plaintiff's arguments and authorities do not affect my resolution of the fraudulent joinder issue, such consideration works no prejudice to Defendants.

7

*Morrison, Inc.*, 32 Va. Cir. 298, 298 (1993)); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 821 (E.D. Va. 2005) (citing *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1995)).   The United States District Court for the Eastern District of Virginia has decided a case factually similar to this one in which it found no possibility of recovery by the non-diverse defendant and, therefore, retained jurisdiction of the case.

In *Beaudoin v. Sites*, the plaintiff, an invitee at a Food Lion grocery store, slipped on a plant vine left on the floor and sustained injuries.  886 F. Supp. 1300, 1301 (E.D. Va. 1995).  The plaintiff, a Virginia resident, sued Food Lion, Inc., a North Carolina corporation, and three non-diverse employees.  *Id.* at 1301–02.  The court found that, under Virginia law, "'*[a]n employee may be liable for his own misfeasance* (i.e., performance of an affirmative act done improperly), *but not for his own nonfeasance* (i.e., omission to do some act which ought to be performed).'"  *Id.* at 1302–03 (quoting *Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298–99 (1993)) (emphasis in original).  The plaintiff argued that the non-diverse defendants could be found liable under three different theories: (1) that the defendants were negligent in placing the plant where vines or leaves could foreseeably fall to the floor; (2) that the defendants were negligent in placing the plant so that its vines extended into the paths of customers; or (3) that the defendants had constructive notice of the vines but failed to remove them.  *Id.* at 1304.

The court found no evidence that any of the defendants actually placed the plant in such a way that its vines touched or fell to the floor.  *Id.* at 1304–05.  As to the plaintiff's constructive notice theory, the court found that "an employee cannot be held individually liable for a third party's injuries caused by his nonfeasance or failure to act, even upon constructive notice."  *Id.* at 1305 (citing *Harris*, 32 Va. Cir. at 298–99).  Moreover, even if such a theory were available, to prove constructive notice, the evidence must show that the defect "'*was noticeable and had*

*existed for a sufficient length of time to charge its possessor with notice of its defective condition.*'"  *Id.* at 1306 (quoting *Grim v. Rahe, Inc.*, 246 Va. 239, 434 S.E.2d 888, 890 (1993)) (emphasis in original).  Accordingly, if the evidence fails to show when a defect occurred, the plaintiff fails to make out a prima facie case.  *Id.*  Because the evidence made no such showing, the court dismissed the non-diverse defendants and denied the motion to remand.

The present case is factually similar to *Beaudoin*.  Here, the evidence adduced in discovery shows that, as Plaintiff was entering the restaurant dining room from the outer breezeway, she slipped on a watery substance on the floor.  (Logan Dep. 41:1–13, 44:1–45:1, June 15, 2011.)  No posted signs warned of the dangerous condition.  (Logan Dep. 43:18–20, 54:2–24, 88:11–18.)   At the time of the incident, Roberson was in the restaurant kitchen preparing food and had no view of the dining area.  (Roberson Dep. 9:14–10:3, June 15, 2011.)  Neither Plaintiff nor Roberson had any personal knowledge as to when or how the watery substance accumulated on the dining room floor.  (Logan Dep. 50:17–51:4; Roberson Dep. 15:15–23, 23:4–22.)  The record is entirely bereft of any evidence that Roberson herself spilled the watery substance on the floor or tracked it in from outside.  Indeed, Plaintiff concedes in her deposition that only Roberson's failure to clean the floors and place warning signs caused her accident.  (Logan Dep. 88:11–90:6.)  Such failures constitute mere omissions and, therefore, cannot serve as the basis for imposing liability on Roberson.  Moreover, even if constructive notice could serve as a basis for liability, the record contains no evidence to support such a theory, and both Plaintiff and Roberson deny personal knowledge as to when the dangerous condition first materialized.

In her Renewed Motion to Remand, Plaintiff contends that the evidence shows the following:

> Roberson was the manger 'on duty' when the plaintiff fell inside
> the store . . . That Defendant Roberson herself salted the sidewalk
> in front of the restaurant entrance when she opened that morning.
> That she admitted that she was in charge of the overall operations
> of the store . . . That [she] had authority over the employees,
> including her breakfast manager, who oversaw the room that
> morning.   Although she undertook this duty, she negligently
> performed it by allowing water to accumulate on the tile flooring
> inside the restaurant, and by not placing warning signs or cones
> near the hazardous condition.

(Pl.'s Ren. Mot. to Rem., ¶ 2.)  Plaintiff argues that Roberson's overall management of the restaurant and her measures to remove snow from the sidewalk constituted affirmative acts; moreover, Defendants' negligent performance of these acts caused Plaintiff's injury.  In addition, in her Memorandum in Support of Plaintiff's Second Motion to Remand and Renewed Response to Defendant's Motion to Dismiss, Plaintiff argues that by removing snow and deploying ice melt, Roberson, "played an active role in opening the store, and preparing the premises for receipt of customers under adverse weather conditions."  (Pl.'s Mem. in Supp. of Ren. Mot. to Rem., pg. 3–4.)  Moreover, her "effort to remove snow and spread ice melt was so ineffective" that Plaintiff suffered her injury.  (*Id.* pg. 4.)  At the November 29 hearing on this issue, Plaintiff's counsel posited a theory of recovery based on evidence indicating that the water accumulated as a result of snow and ice tracked in from the outside sidewalk.  Alternatively, Plaintiff argues that Roberson "herself selected where to place the cones" and that her decision not to place them in the dining room was negligence.  (*Id.* pg. 6.)  Plaintiff cites several unpublished cases, all from the Eastern District of Virginia, in support of her argument that such conduct constituted affirmative acts.

Plaintiff is correct that, according to the evidence, Roberson was in charge of the restaurant's overall operations and was specifically responsible for preventing dangerous conditions on the premises during inclement weather.  (Roberson Dep. 7:16–8:18, 16:20–17:1.)

10

In addition, Roberson testified that she cleared the outside sidewalk of snow and deployed ice melt twice on the morning in question.  (Roberson Dep. 17:5–18:17.)  Nevertheless, Plaintiff plainly mischaracterizes nonfeasance as malfeasance.  Although Roberson may have been responsible for the restaurant's overall operations, she performed no particular positive act that caused Plaintiff's injury.  She, undisputedly, did not cause the defect; rather, she merely failed to prevent, eliminate, or warn of it.  Plaintiff is correct that she performed the affirmative acts of clearing the sidewalk and putting down snow melt.[2]  The record, however, contains no evidence that the occurrence of those acts in and of themselves caused Plaintiff's injury.  No affirmative aspect of Roberson's undertaking to clear the sidewalk caused water to accumulate on the restaurant floor.  Rather, only her failure to perform these acts in a more thorough or complete manner conceivably had such an effect.  Although clearing the sidewalk with greater frequency or deploying a greater quantity of snow melt might possibly have prevented Plaintiff's accident, Roberson's failure to perform these actions was just that—a failure and an omission.[3]  In sum,

---

[2] Whether Plaintiff could establish a causal connection between Roberson's failure to effectively clear snow and ice from the outside sidewalk and Plaintiff's injury seems highly speculative and subject to doubt.  Even if Plaintiff could show that the water on the dining room floor was in fact tracked in from outside, Roberson's clearing of the sidewalk and the accumulation of the water seem attenuated at best.  Nevertheless, because I must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," I will assume for purposes of Plaintiff's Renewed Motion to Remand, that she could establish such a causal link.  *Marshall*, 6 F.3d at 232.

[3] Had Roberson negligently performed some affirmative aspect of her undertaking to clear the outside sidewalk, then Plaintiff's argument might be viable.  For instance, had Roberson disposed of the removed snow in such a way that it interfered with customer traffic or due to inattention, deployed detergent instead of snow melt, then her acts could be characterized as affirmative.

even if she negligently performed her duties, she did so only to the extent that she failed to take certain necessary precautionary measures.[4]

The legal authorities cited by Plaintiff in support of her argument to the contrary are unavailing.  Plaintiff cites to *Abraham v. Cracker Barrel Old Country Store, Inc.*, Case No. 3:11cv182-HEH, 2011 U.S. Dist. LEXIS 49186 (E.D. Va. May 9, 2011).  In that case, the plaintiff slipped and fell on ice and snow in the parking lot of a Cracker Barrel restaurant and sued the owners, operators, and a non-diverse maintenance employee.  *Id.* at *1–2, 10.  The court found that the non-diverse defendant was fraudulently joined and denied the plaintiff's motion to remand.  *Id.* at *13.  Plaintiff suggests that the court found fraudulent joinder solely because the non-diverse defendant was remote in time and space from the accident and, thus, attempts to distinguish the present facts.  Plaintiff misconstrues the court's reasoning.  The court found dispositive that the "[p]laintiff's claim for negligence [was] premised upon a failure to act, for which an employee . . . cannot be held liable."  *Id.*  at *12–13.  Therefore, *Abraham*, far from providing support for Plaintiff's position, supports Defendant's preferred result.

Plaintiff's citation to *Myers v. Air Serv Corporation*, Case No. 1:07cv911, 2008 U.S. Dist. LEXIS 1836 (E.D. Va. January 9, 2008), proves equally unavailing.  In that case, the plaintiff slipped and fell while alighting from an airport shuttle bus when its ramp collapsed.  *Id.*

---

[4] This outcome finds additional support in Judge Turk's decision in *Saunders v. Boddie-Noell Enterprises, Inc.*, Case No. 7:08cv110, 2008 U.S. Dist. LEXIS 48715 (W.D. Va. June 25, 2008), another fraudulent joinder case involving a Hardee's Restaurant.  In that case, the plaintiff brought suit against Boddie-Noell for serving him a hot dog containing a foreign object.  *Id.* at *1–2.  Plaintiff also joined two non-diverse employees who had actually served him the adulterated hot dog.  *Id.* 2–4.  Although under the facts as set forth, the non-diverse employees had committed the positive act of serving food to the plaintiff, the court found no allegations of active negligence on their part.  *See id.* at *5–6.  The employees' negligence consisted of their failure to inspect the hot dog and remove the foreign object.  *See id.* at *5.  In other words, the act of serving the plaintiff food in and of itself did not cause the injury.  Rather, only the failure to inspect before doing so caused the injury.  Accordingly, the court found that the non-diverse employees were not proper parties.  *Id.* at *6.

12

at *1.  The plaintiff sued both the company responsible for installing the ramp and a non-diverse employee, claiming that the employee negligently installed the pins attaching the ramp to the bus.  *Id.*  The court found no fraudulent joinder because the non-diverse employee "was present when the accident occurred" and the plaintiff "claim[ed] he [was] the sole tortfeasor."  *Id.* at *6.  Plaintiff seems to suggest that the court based its decision on the fact that the non-diverse employee was close in time and place to the accident.   Again, Plaintiff misunderstands the court's reasoning.   In *Myers*, the plaintiff's claim was based on the non-diverse employee's negligent performance of an affirmative act—installing pins attaching the ramp to the bus.  *Id.* at *1, 6.  It is, therefore, factually distinguishable from the present case.  The court did not suggest, as Plaintiff now does, that an employee's act of nonfeasance may constitute a basis for recovery, provided the employee is not remote in time and place from the accident site.   In sum, Roberson's failure to clear the outside sidewalk with greater frequency or apply a greater quantity of ice melt cannot be characterized as affirmative acts.   Such failures constitute mere omissions that cannot serve as a basis for holding an employee liable.

In addition, Plaintiff's attempt to characterize Roberson's failure to place warning cones in the restaurant dining room as an affirmative act is unavailing.   Plaintiff is correct that Roberson did perform the affirmative acts of placing cones on the outside sidewalk and in the airlock.   Her decision to place warning cones in these locations, however, in no sense caused Plaintiff's accident.   Rather, only Roberson's failure to place cones in the dining room on the site of the standing water caused Plaintiff's accident.   Plaintiff's attempt to characterize Roberson's failure to place cones in the dining room as an affirmative act by arguing that in so doing, she affirmatively selected alternative locations fails.   Although Roberson may have failed to place cones in the dining room in part because she chose to use the available cones elsewhere, that

decision does not convert her omission into an act.  The thought process behind an omission cannot be characterized as an affirmative act.  To accept such a characterization would be to obliterate Virginia law's distinction between nonfeasance and malfeasance because omissions often are a product of conscious decisions not to act.[5]

The legal authority cited by Plaintiff does not support an opposite conclusion.  Plaintiff cites to *Harris v. Webster*, 3:08cv397, 2008 U.S. Dist. LEXIS 72271 (E.D. Va. September 23, 2008), in which the plaintiff slipped and fell on laundry detergent on the floor of a Food Lion grocery store.  *Id.* at *1–2.  As in the present case, the plaintiff sued both Food Lion and the non-diverse store manager.  *Id.* at *2.  The plaintiff asserted two theories of negligence: (1) that the manager "negligently failed to remove the slippery soap or place warning signs;" and (2) that the manager "not only failed to dispatch an employee to clean the substance up, but told a Food Lion employee not to clean it up as they were too busy in the store."  *Id.* at *10 (internal quotations omitted).  Although the court found that the first theory asserted only an omission, it found that the manager's order not to remove the detergent was an affirmative act and, therefore, found no fraudulent joinder.  *Id.* at *10–11.  Plaintiff argues that this holding is applicable to the present facts.  Specifically, Plaintiff contends:

> Ordering the employee to refrain from cleaning was tantamount to undertaking an act and performing it incorrectly.  Like the defendant in *Harris*, Ms. Roberson is also a store manager who used poor judgment in deciding how to clean a slick floor.  It follows that under *Harris*, Ms. Roberson is liable to Ms. Logan.

---

[5] Furthermore, Plaintiff's argument is little more than a reformulation of the constructive notice theory of liability expressly rejected under Virginia law.  *See, e.g.*, *Beaudoin v. Sites*, 886 F. Supp. 1300, 1305 (E.D. Va. 1995) (citing *Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298–99 (1993)).

14

(Pl.'s Mem. in Supp. of Ren. Mot. to Rem.)   At the November 29 hearing, Plaintiff's counsel further argued that instructing a subordinate to refrain from perform an act is functionally equivalent to deciding oneself not to perform the act.

Plaintiff misapplies both the reasoning and the holding in *Harris*.   In addressing the allegation that the manager "'negligently failed to remove the slippery soap or place warning signs around [the] area," the court found that "[t]his most certainly is an assertion of negligence by omission, and would be an improper basis for a negligence claim against [the manager] in her capacity as a Food Lion  employee." *Id.* at *10.   The court thus rejected the very argument that Plaintiff now makes.   Only the manager's affirmative direction to her subordinates to refrain from removing the substance constituted an affirmative act.   The court in no way suggested that the manager's internal thought process could constitute an affirmative act for purposes of liability.   In the present case, Plaintiff has not allege—and points to no evidence—that Roberson instructed any Hardees's employee not to clean up the water or place warning signs.   On the contrary, the record undisputedly shows that Roberson had no knowledge that the condition was even present.   (Roberson Dep. 9:14–10:3, 15:15–23, 23:4–22.)   In sum, Plaintiff misapplies *Harris*'s holding and reasoning in support of her argument.   Failing to place warning cones can, in no sense, be characterized as an affirmative act of negligence.

## IV.     CONCLUSION

For the foregoing reasons, I find that Plaintiff cannot possibly state a cause of action against Roberson.  Accordingly, Defendants' previously filed Motion to Dismiss is **GRANTED**, Defendant Cindy Roberson is **DISMISSED** as a party, and Plaintiff's Renewed Motion to Remand is **DENIED**.

ENTERED this 1st day of December, 2011.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

16